NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| ALLISON HAWKES, | : | **CIV. NO. 18-10931 (RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY SUPERIOR | : | |
| COURTHOUSE, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Allison Hawkes is a prisoner confined in the Edna Mahan Correctional Facility for Women. She brings this civil rights action alleging constitutional violations under color of state law. (Compl., ECF No. 1.) Plaintiff did not pay the filing fee[1] or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2] ("IFP" ECF No. 1-1.)

---

[1] The filing fee for a civil action is $350, and there is a $50 administrative fee, for a total of $400. *See* 28 U.S.C. § 1914.

[2] 28 U.S.C. § 1915(a) provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

Local Civil Rule 5.1(f) provides:

> Any papers received by the Clerk without
> payment of such fees as may be fixed by statute
> or by the Judicial Conference of the United
> States for the filing thereof shall be marked
> "received" and the date and time of receipt
> shall be noted thereon.

The Court will administratively terminate this matter, but Plaintiff will be permitted to reopen if she timely submits the filing fee or in the alternative submits a properly completed IFP application.

When a prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or

---

therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff fails to state a claim.

I.    *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff named as defendants to this action the Atlantic County Superior Courthouse, Edna Mahan Correctional Facility for Women, and New Jersey State Transportation. (Compl., ¶1B, ECF No. 1.) Plaintiff alleges that she had a bail hearing scheduled for February 2017, but no one arrived to transport her to court. (Id.

at 3.) Weeks later, her bail hearing was held with her appearance

by videoconference from the jail. (Id.) Plaintiff alleged " I know

this is illegal" and "I've been extradited. I know you have to

appear in court."

B.    Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. §

1983 for violations of his or her constitutional rights. Section

1983 provides, in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory ... subjects, or causes
> to be subjected, any citizen of the United
> States or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress....

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution or

laws of the United States, and that the constitutional deprivation

was caused by a person acting under color of state law. West v.

Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560,

563 (3d Cir. 2011).

None of the defendants named in this action are "persons"

whom are subject to suit under Section 1983. See Estate of Lagano

v. Bergen County Prosecutor's Office, 769 F.3d 850, 854 (3rd Cir. 2014) (neither a state nor a state agency is a "person" amenable to suit within the meaning of 42 U.S.C. § 1983); Stackhouse v. City of East Orange, Civ. No. 07-5502 (JAG), 2008 WL 4852680, at *5 (D.N.J. Nov. 7, 2008) (courthouse is not a person subject to suit under § 1983) (citations omitted). Plaintiff cannot sustain a § 1983 action without a proper defendant. If Plaintiff chooses to pay the filing fee or submit a proper IFP application to reopen this matter, she must also file an amended complaint that states a cognizable claim to avoid dismissal of this matter.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action subject to reopening by Plaintiff if she timely pays the filing fee or submits a properly completed IFP application pursuant to 28 U.S.C. § 1915(a)(2).


An appropriate order follows.


DATE:  November 5, 2018


                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge